**SUPER MOLD CORPORATION OF CALIFORNIA, a corporation doing business as Super Mold Corporation, Plaintiff,**

**v.**

**JAMES C. HEINTZ COMPANY, an Ohio corporation, Defendant.**

**Civ. No. C 67-245.**

United States District Court,
N. D. Ohio, E. D.

Sept. 17, 1969.

On Second Motion June 8, 1970.

Jack E. Toliver and Thomas E. Fisher, Watts, Hoffmann, Fisher & Heinke, Cleveland, Ohio, for plaintiff.

Albert R. Teare, Teare, Teare & Sammon, Cleveland, Ohio, for defendant.

## MEMORANDUM AND ORDER RE: MOTION FOR SUMMARY JUDGMENT.

KALBFLEISCH, District Judge.

By motion for partial summary judgment, defendant seeks an adjudication that the patent in suit is invalid under 35 U.S.C. § 102(b) in that the invention claimed therein was in public use or on sale in this country more than one year prior to the date of the patent application. In addition, defendant argues that the material presently before the Court establishes that the patentee knew of the prior public use or sale at the time the patent application was filed and that he failed to disclose those facts to the Patent Office. On this ground the motion prays that the Court assess attorney fees against the plaintiff under 35 U.S.C. § 285 for perpetrating a fraud upon the Patent Office.

In opposition to the motion plaintiff asserts that the case is not proper for summary judgment in that there remain issues of fact material to the claim upon which defendant seeks judgment. The plaintiff also seeks an assessment against the defendant of its costs in opposing the motion under Rule 56(g) of the Federal Rules of Civil Procedure.

Both parties have applied for leave to file reply briefs in support of their respective positions on the matters before the Court. Upon consideration, it is ordered that both applications are granted.

The subject matter of the patent in suit relates to a tire curing apparatus adapted to mold tread rubber onto a tire casing. Assuming, as does the movant, that the patent has an effective filing date of January 23, 1961, the claim is that a device embodying the invention claimed in the patent in suit was sold by the patentee to the Pederson Tire Company and was there placed into public use—all prior to one year before January 23, 1961.

Defendant relies upon the depositions of Rudolph A. Pederson, president of the Pederson Tire Company, and of Lloyd Wegg, a shop foreman for the same company. Attached to plaintiff's brief opposing the motion is an affidavit of Louis T. Fike, the inventor of the device claimed in the patent in suit.

There is no dispute between the parties that a tire curing apparatus designed by Fike, the patentee, was installed at the Pederson Tire Company late in 1959. Pederson paid $28,643.79 for the device, it was used to retread tires, and the retreaded tires were sold by the Pederson Tire Company. Plaintiff asserts, however, that the device used at the Pederson plant was not the same as that claimed in the patent in suit. Further, the plaintiff urges that the circumstances surrounding the Pederson installation will demonstrate that the use was experimental and therefore not within the purview of 35 U.S.C. § 102(b).

Defendant admits that the device installed at the Pederson Tire Company was not identical to the device claimed in the patent. Certain changes were made with regard to the design and number of jacks used in connection with the device. Defendant argues, however, that the changes were obvious expedients not amounting to independent invention. Thus, it is argued that the Pederson installation constitutes a prior use and also that the use cannot be termed experimental. See Super Mold Corporation v. Clapp's Equipment Division, Inc., 397 F.2d 932 (9th Cir.1968).

It is apparent that there is a sharp difference of opinion between the parties as to the nature and effect of the changes made upon the device after installation at the Pederson plant which were ultimately incorporated in the patent in suit.

To hold, as defendant urges, that the differences between the device used

by Pederson and that claimed in the patent in suit were obvious requires consideration of facts concerning which the record is presently deficient, including the scope and content of the prior art as well as the differences between the methods and devices disclosed in the prior art and the changes reflected in the patent which were effected upon the device after installation at the Pederson Tire Company.

It is manifest that any judgment upon the question of obviousness or that of experimental use would be ill-advised without further evidence relating to the prior art and to the facts and circumstances surrounding the activities at the Pederson Tire Company in late 1959 and in 1960. There being genuine issues as to facts material to the adjudication sought by the defendant, the motion for partial summary judgment and for attorney fees must be overruled. (Rule 56, Federal Rules of Civil Procedure.)

Upon consideration of the grounds asserted by the plaintiff in support of its request for attorney fees, the Court finds that the request should be denied.

It is so ordered.

## MEMORANDUM AND ORDER RE: SECOND MOTION FOR SUMMARY JUDGMENT

■ Defendant herein has moved for partial summary judgment holding the accused device in this patent infringement action as not infringing the patent in suit. In a brief in opposition to the motion, plaintiff requests, pursuant to Rule 56(g) of the Federal Rules of Civil Procedure, an order assessing costs against defendant on the ground that defendant's motion and affidavit in support thereof were filed in bad faith and solely for the purpose of delay. Defendant's motion for leave to file a brief in reply to plaintiff's brief, and in support of its motion for summary judgment, is sustained.

Plaintiff's request under Rule 56(g) appears to have been prompted by an ambiguous statement of position by defendant in its motion for summary judgment. The confusion is amplified somewhat in the reply brief wherein counsel for defendant, on a number of occasions, mistakenly refers to his client as the plaintiff. However, the position taken by defendant is clarified by the reply brief to a point where the issues raised by the motion can be discerned and decided. Further, it is the judgment of the Court that those issues are not frivolous, thus negating any inference of bad faith. Accordingly, plaintiff's request to assess costs under Rule 56(g) is denied.

The subject matter of the patent in suit involves a tire curing apparatus adapted to mold tread onto a tire casing. The accused device, of the same general nature, is produced by defendant under the trade name "UNI–CURE." The instant motion directs our attention to the structure of a tire curing apparatus known in the art as a matrix, and is that part of the device which comes into direct contact with the tread rubber to be molded onto the tire casing.

■ Two grounds are urged in support of the motion for summary judgment: First, defendant contends that the accused device employs mold sections separate from the matrices, the latter being mounted in the former; the patent, however, claims a tire curing apparatus "* * * characterized by the lack of the usual mold sections * * *" (Claim 10 of the patent in suit, U.S.No. 3,154,814). Second, defendant asserts that, while the description and claims of the patent in suit disclose matrices having heat generating means therein, the matrices employed in the accused device do not embody such heat generating means. The single legal principle invoked as requiring a judgment of non-infringement on either ground holds that omission from the accused device of any one element of a claimed combination, unless an equivalent be substituted therefor, avoids infringement. See Band-It v. McAneny, 131 F.2d 766 (10th Cir. 1942).

Looking to the first issue raised, the patent in suit—at column 1, lines 17–26, and specifically in claim 10—describes the elimination of mold sections. The affidavit of Jack H. Holmes offered in support of the motion, by reference to defendant's drawing AN 18.00–24 attached to the affidavit, refers to a section of the accused device as a "mold," which section is colored blue on the drawing just mentioned.

The point of dispute, therefore, is whether the structure pointed out by Holmes is a "mold section" of the type claimed to be eliminated by the patent, or is the equivalent of the steel shell or casing of the patented device referred to in the description and drawings of the patent in suit as part No. 26. The Holmes affidavit would support the former proposition. Yet defendant's brochure entitled "UNI–CURE Matrix System," a copy of which is attached to plaintiff's brief as Exhibit 2, describes each matrix of the accused device as a "self-contained unit" involving "no wasted metal and resultant additional cost found in conventional mold equipment designed for handling several different matrix sizes."

Though the position of each party is clear, the disputed issue cannot be resolved upon the pleadings and records presently before the Court. Without further evidence as to what is deemed in the art as a "mold section" as opposed to a mere "casing," a decision adopting either position would be no more than conjecture based upon the common meaning of those terms outside the art. There remains, therefore, a genuine issue as to a fact material to a decision on the first ground asserted in support of the motion.

The second branch of defendant's position is afflicted with a similar infirmity. Though defendant claims the matrices of the accused device do not embody a heat generating means as claimed in the patent in suit, but rather are heated by means located within the structure it would call a "mold section," the rule of law relied upon requires that there be no

equivalent substituted for the omitted element before the accused device can be deemed not to infringe. The pleadings and records before the Court disclose a difference in heating means between the patented device and the structure depicted in defendant's drawing AN 18.00–24; but, at the outset, the substance of that difference is cast into doubt by virtue of the ambiguity over whether there are, in fact, separate "mold sections" in the accused device. In addition, a decision as to whether or not defendant's device employs a mechanical equivalent requires information not presented to the Court bearing upon the precise function performed by each heating means, the manner in which each performs that function, and the results produced by each.

Because there are genuine issues as to material facts, Rule 56 of the Federal Rules of Civil Procedure precludes summary judgment at this stage of the proceeding.

Accordingly, it is ordered that defendant's motion for partial summary judgment is overruled.